**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

AUDREY TAYLOR CARTER,          :
                               :   Civil Action No. 09-4040(FLW)
          Plaintiff,           :
                               :
                               :
          v.                   :   **OPINION**
                               :
SALLY LIDDIE, et al.,          :
                               :
          Defendants.          :

**APPEARANCES**:

    AUDREY CARTER, Plaintiff pro se
    P.O. BOX 2113
    Trenton, New Jersey 08607

**WOLFSON, District Judge**,

    Plaintiff Audrey Taylor Carter (hereinafter "Plaintiff"), brings this action in forma pauperis, alleging that the named defendants discriminated against her with respect to her foster care employment. (Plaintiff's Complaint, pg. 1). The Court has considered Plaintiff's application for indigent status in this case and concludes that she is permitted to proceed in forma pauperis without prepayment of fees or security thereof, in accordance with 28 U.S.C. § 1915(a). However, having reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and for the reasons set forth below, this Court finds that this action should be dismissed for failure to state a claim upon which relief may

be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because it is now time-barred.

## BACKGROUND

Plaintiff brings this action against the following defendants: Sally Liddie of the New Jersey Department of Developmental Disability; Anne Milgram, New Jersey Attorney General, and Gary Griggs.  (Compl., pg. 1).  Plaintiff alleges that she was employed as a foster care worker in 1996 through 1999.  Defendant Sally Liddie allegedly filed false criminal charges against Plaintiff, after Plaintiff reported patient neglect, and Plaintiff lost her job.

Plaintiff seeks $600,000.00 in monetary damages.

## DISCUSSION

**A.  Standard of Review**

The Complaint by a litigant proceeding in forma pauperis is subject to sua sponte dismissal by the court if the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969

2

F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).

The Supreme Court recently refined the standard for summary dismissal of a Complaint that fails to state a claim.  Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme

3

Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

>    misconduct, the complaint has alleged-but it has not
>    "show[n]"-"that the pleader is entitled to relief." Fed.
>    Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 11949-1950 (citations omitted).

The Court further explained that

>    a court considering a motion to dismiss can choose to begin
>    by identifying pleadings that, because they are no more than
>    conclusions, are not entitled to the assumption of truth.
>    While legal conclusions can provide the framework of a
>    complaint, they must be supported by factual allegations.
>    When there are well-pleaded factual allegations, a court
>    should assume their veracity and then determine whether they
>    plausible give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

This Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B. Complaint is Time-Barred**

Plaintiff's allegations against Sally Liddie[2] suggest that she may be asserting a claim of retaliation in violation of her First Amendment rights. Plaintiff alleges that Liddie retaliated

---

[2] The Complaint fails to set forth any allegations of wrongdoing or constitutional violations by the remaining defendants, Anne Milgram, Attorney General and Gary Griggs.

against her because Plaintiff filed complaints about other workers and her differential treatment as a foster care worker. Because Liddie is a state actor, this civil rights violation claim is governed by 42 U.S.C. § 1983.[3]

However, Plaintiff's claim is now time-barred because it relates to events that occurred in 1996 through 1999. A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose

---

[3] Section 1983 provides in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

6

untimeliness is apparent from the face of the Complaint.  See, e.g., Jones v. Bock, 549 U.S. 199, 214-15 (2007)(if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); see also Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hunterson v. DiSabato, 2007 WL 1771315 (3d Cir.2007)("district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915(A)(b)(1) where it is apparent from the complaint that the applicable limitations period has run")(citing Jones v. Bock, Pino v. Ryan)(not precedential); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)).

   "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."  Wallace v. Kato, 549 U.S. 384, 388 (2007)(emphasis in original).  A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of

his action." Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982). See also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D.Pa. Feb. 2, 1996)(citing Oshiver, 38 F.3d at 1386).

Civil rights or constitutional tort claims, such as that presented here alleging discriminatory and retaliatory conduct by defendant, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wallace, supra; Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987). Unless their full application would defeat the goals

of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  Wilson v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

9

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, Plaintiff admits that the discriminatory and retaliatory conduct giving rise to this claim occurred in 1996 through 1999. Thus, it would appear that her claim is now time-barred. This Complaint was submitted on August 5, 2009, long after the two-year statute of limitations period had expired at the end of 2001. Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law. Nor does Plaintiff plead ignorance of the law (an excuse insufficient to relax the statute of limitations bar in this instance) as the basis for delay in bringing suit. In fact, Plaintiff is completely silent with respect to the fact that her Complaint has been submitted so untimely.

This Court also finds that Plaintiff has not offered any explanation for her lack of diligence in pursuing her claim for more than eight years. This omission strongly militates against equitable tolling of the statute of limitations. Indeed, Plaintiff is no stranger to this Court, having filed numerous lawsuits since 2000. Therefore, the Court finds that the Complaint is now time-barred and must be dismissed with prejudice in its entirety accordingly, as against all defendants.

**CONCLUSION**

    For the reasons set forth above, this Court will dismiss with prejudice Plaintiff's Complaint, in its entirety, as against all named defendants, for failure to state a claim upon which relief may be granted because the action is now time-barred.  An appropriate Order accompanies this Opinion.


                                                S/Freda L. Wolfson
                                              FREDA L. WOLFSON
                                              United States District Judge

Dated: September 1, 2009